IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ERIN BISHOP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:24-cv-00669 |
| | ) Judge Aleta A. Trauger |
| BENNETT MOTOR EXPRESS, LLC, | ) |
| BENNETT TRUCK TRANSPORT, LLC, | ) |
| GENE BERRY, GENE BERRY | ) |
| JOHNSON, RASIER, LLC, UBER | ) |
| TECHNOLOGIES, INC., and | ) |
| JICHEN QUI, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

Defendants Bennett Motor Express LLC, Bennett Truck Transport, LLC (referred to herein collectively with Bennett Motor Express, LLC as "the Bennett entities"), and Gene Berry Johnson (named in the Complaint as both Gene Berry and Gene Berry Johnson and referred to herein as "Johnson") removed this case from the Circuit Court for the Twentieth Judicial District of Tennessee on the basis of diversity jurisdiction among those defendants who had been served as of the time of removal. (Doc. No. 1.) Now before the court is plaintiff Erin Bishop's Motion to Remand. (Doc. No. 14.) For the reasons set forth herein, the motion will be granted.

### I. FACTS AND PROCEDURAL BACKGROUND

Bishop was severely injured in a motor vehicle accident ("Accident") that took place in Nashville, Tennessee on July 28, 2023, when the vehicle in which she was a passenger, driven by defendant Jichen Qiu, an Uber driver, collided with a tractor-trailer truck driven by Johnson and operated by the Bennett entities. (Doc. No. 1-1, at 4, Complaint ¶ 1.)

Bishop filed suit in state court on May 7, 2024 to recover damages in the amount of $500,000 for the injuries suffered in the Accident. The Complaint alleges that Bishop is a resident of Nashville, Tennessee; that both Bennett entities are Georgia limited liability companies whose principal place of business is in McDonough, Georgia; that Johnson resides in Florida; and that Jichen Qiu resides in Hendersonville, Tennessee. The Complaint also names as defendants Rasier, LLC ("Rasier"), alleged to be a Delaware limited liability company whose principal place of business is in San Francisco, California, and Uber Technologies, Inc. ("Uber"), alleged to be a Delaware corporation headquartered in San Francisco, California. (Complaint ¶¶ 2–4, 8, 11–13.)

Both Bennett entities were served through their registered agent for service of process the same day the Complaint was filed. (*See* Doc. No. 1-1, at 20, 22.) On May 30, 2024, before service on any other defendant had been effected (apparently including Johnson), the Bennett entities and Johnson removed the case to federal court on the basis of diversity jurisdiction. Even though the Complaint clearly alleges that both the plaintiff and defendant Jichen Qiu reside in Tennessee, the Notice of Removal asserts that "the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C 1441(b)." (Doc. No. 1 ¶ 9 (quoting *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) (emphasis in original); *In re Darvocet, Darvon and Propoxyphene Prods. Liab. Litig.*, No. 2:12-97-DCR, 2012 WL 2919219, at *2 (E.D. Ky. July 17, 2012)).)

Following removal, the plaintiff effected service of process on both Rasier and Uber but then stipulated to the dismissal without prejudice of these defendants. (Doc. Nos. 11, 12, 18, 20.) The plaintiff has attempted service upon Jichen Qiu, but this defendant remains unserved to date. (*See* Doc. No. 1-1, at 34; Doc. No. 17.)

The plaintiff has now filed her Motion to Remand and supporting Memorandum (Doc. Nos. 14, 15), arguing that she is a citizen of Tennessee and that the removing defendants have not

carried their burden of demonstrating that none of the defendants is a citizen of Tennessee, for purposes of complete diversity of citizenship. In support of that argument, she asserts that: (1) the defendants have not affirmatively shown that Jichen Qiu is not a citizen of Tennessee, and his last known addresses are in Tennessee, where she has attempted to serve him; (2) the Bennett entities, both limited liability companies, have not alleged the citizenship of their members as required to show that none is a citizen of Tennessee; (3) the removing defendants have not shown that none of Rasier's members is a citizen of Tennessee; and (4) the removing defendants assert that Johnson "resides" in Tennessee, but a mere averment of residency is not sufficient to establish citizenship for purposes of diversity. (Doc. No. 15, at 4–5.) She also asserts that so-called "snap" removal under 28 U.S.C. § 1441(b), if ever appropriate, is limited to situations in which complete diversity has been established. (*Id.* at 5.)

The removing defendants oppose remand. They assert in their Memorandum that, as set forth in their Notice of Removal:

[T]he citizenship of the parties was and remains as follows:

1. Plaintiff is a resident citizen of the State of Tennessee.

2. Defendant Bennett Motor Express, LLC is a corporation organized under the laws of the State of Georgia, with its principal place of business in Georgia.

3. Defendant Bennett Truck Transport, LLC is a corporation organized under the laws of the State of Georgia, with its principal place of business in Georgia.

4. Defendant Rasier, LLC, is a corporation organized under the laws of the State of Delaware, with its principal place of business in California.

5. Defendant Uber Technologies, Inc., is a corporation organized under the laws of the State of Delaware, with its principal place of business in California.

6. Defendant Gene Berry Johnson (also known as Gene Berry) is a resident citizen of the State of Florida.

7. It is unknown currently whether Defendant Jichen Qiu is a citizen of the State of Tennessee. Further, Defendant Jichen Qiu remains unserved.

(Doc. No. 24-1, at 2–3.)

The removing defendants maintain that they have properly identified the citizenship of all defendants except Jichen Qiu, whose citizenship is unknown. They assert both that Jichen Qiu was "joined to defeat this Court's subject matter jurisdiction" and that, "because Jichen Qiu was the operator of a vehicle in the collision that caused the Plaintiff's injuries, he is technically a proper Defendant." (*Id.* at 3, 4.) They argue that, because this defendant's citizenship is unknown and he remains unserved, removal was proper and suggest that, if he is actually served and it is determined that he is a citizen of Tennessee, remand at that time would be appropriate. (*Id.* at 4.) More particularly, they argue that "Defendant Jichen Qiu is an alleged resident of Tennessee and was properly joined, but he has not yet been properly served. Under the black letter law of 28 U.S.C §1441(b), removal to federal court should not be barred." (*Id.* at 5.) They deny that they have engaged in "snap" removal, arguing that this is not a situation in which they attempted to game the system by removing quickly before a defendant who resides in the plaintiff's chosen forum has been served.

## II. LEGAL STANDARDS

District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between," as relevant here, "citizens of different States." 28 U.S.C. § 1332(a)(1); *see also* U.S. Const. Art. III § 2 ("The judicial power shall extend . . . to controversies . . . between citizens of different states[.]"). Courts refer to this concept as "diversity jurisdiction," as distinct from subject matter jurisdiction based on a federal question. *See, e.g.*, *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 568 (2004). Exercising diversity jurisdiction "require[s] complete diversity of citizenship," *i.e.*, "the citizenship of each plaintiff" must be "diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In other words, for diversity to exist,

"no plaintiff" can be "a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010).

When a plaintiff files in state court a civil action over which the "the district courts of the United States have original jurisdiction" based on diversity of citizenship under § 1332(a), the defendant or defendants may remove the action to federal court, provided that no defendant "properly joined and served" "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(a), (b)(1), (b)(2). Section 1441(b)(2) states in full:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

"In a case not originally removable, a defendant who receives a pleading or other paper indicating the postcommencement satisfaction of federal jurisdictional requirements—for example, by reason of the dismissal of a nondiverse party—may remove the case to federal court within 30 days of receiving such information." *Caterpillar*, 519 U.S. at 68–69 (citing 28 U.S.C § 1446(b)).

The party seeking removal bears the burden of establishing that the district court has original jurisdiction over the matter. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). "[B]ecause they implicate federalism concerns, removal statutes are to be narrowly construed," *id.*, and "[a]ll doubts as to the propriety of removal are resolved in favor of remand," *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007) (citations omitted). For removal based upon diversity jurisdiction, "there must be complete diversity of citizenship both at the time that the case is commenced and at the time that the notice of removal is filed." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999); *Jackson v. Cooper Tire & Rubber Co.*, 57 F. Supp. 3d 863, 866 (M.D. Tenn. 2014).

## III. DISCUSSION

In their response to the Motion to Remand, the removing defendants wholly disregard the plaintiff's assertions that they have failed to establish the citizenship of the Bennett entities, Rasier, and Johnson. Instead, they double down on their incorrect assertions that the Bennett entities and Rasier are "corporations" and, as such, citizens of the states in which they are incorporated and in which their headquarters are located. These defendants are limited liability companies, however, and limited liability companies "have the citizenship of each partner or member," for purposes of diversity of citizenship. *V & M Star*, 596 F.3d at 356 (quoting *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)). These defects in the removal documents are not impediments to a finding of diversity, however.

First, the plaintiff has already dismissed Rasier as a defendant. "Although normally jurisdiction depends upon the facts as they are at the time of filing, curing a jurisdictional defect through dismissal of a party that destroys diversity 'ha[s] long been an exception to the time-of-filing rule.'" *AmSouth Bank v. Dale*, 386 F.3d 763, 777–78 (6th Cir. 2004)(quoting *Grupo Dataflux*, 541 U.S. at 572). Thus, even if some member of Rasier might hypothetically have destroyed complete diversity, the dismissal of Rasier cured that defect.

As for the Bennett entities, although their Notice and objection to remand incorrectly state that they are both "corporation[s] organized under the laws of the state of Georgia . . . with [their] principal place of business in Georgia" (Doc. No. 1 ¶¶ 4, 5; Doc. No. 24-1, at 2), following removal to this court, both Bennett entities filed Business Entity Disclosure Statements and the Affidavit of their general counsel, providing the identity of each of their members and affirmatively averring that none of their respective members resides in or is a citizen of Tennessee. (Doc. No. 2, at 4–6; Doc. No. 3, at 4–6.) Thus, it is clear from the record that the Bennett entities are completely diverse from the plaintiff.

Johnson is alleged to be a "resident" of Florida. (Complaint ¶ 8; Notice of Removal ¶ 8.) However, "[f]or purposes of diversity jurisdiction, residency does not necessarily prove citizenship." *Leys v. Lowe's Home Centers, Inc.*, 601 F. Supp. 2d 908, 911–12 (W.D. Mich. 2009). "State citizenship, for purposes of diversity jurisdiction, is not a matter of residency but of domicile." *Nat'l City Bank v. Aronson*, 474 F.Supp.2d 925, 931 (S.D. Ohio 2007) (citations omitted); *see also Deasy v. Louisville & Jefferson Cty. Metro. Sewer Dist.*, 47 F. App'x 726, 728 (6th Cir. 2002) ("To establish the 'citizenship' required for diversity jurisdiction, [the plaintiff] must show more than mere Tennessee residence. He must show that Tennessee is his domicile.") To be domiciled within a particular state, an individual "must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Deasy*, 47 F. App'x at 728 (citations omitted)). Thus, the removing defendants' assertion that Johnson resides in Florida, without more, is not necessarily sufficient to establish Johnson's citizenship, particularly in the face of the plaintiff's challenge based on the lack of proof as to his actual citizenship.[1] This defect, however, likely could readily be cured by the filing of an affidavit in response to a show cause order.

Regardless, the problem of Jichen Qiu remains. The plaintiff alleges that this defendant resides in Tennessee, or was last known to reside in Tennessee, but he has not been served and his domicile has not been affirmatively established. By alleging that he resides in Tennessee, the Complaint, at a minimum, suggests that his presence in the case destroys complete diversity. In any event, the removing defendants offer no proof to the contrary, and the court cannot presume

---

[1] *Accord Howard v. Pearl Interactive Network Inc.*, No. 5:16-CV-362-REW, 2018 WL 3421824, at *2 (E.D. Ky. July 12, 2018) (noting that, because the removing defendant has the burden of proving that the requirements of diversity are met, when "'allegations of jurisdictional facts are challenged,' the party invoking the Court's jurisdiction 'bears the burden of supporting the allegations by competent proof'" (quoting *Janzen v. Goos*, 302 F.2d 421, 424 (8th Cir. 1962))).

that his citizenship is diverse from that of the plaintiff. *See Metro Hydroelectric Co. v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008) ("[I]t is to be presumed that a cause of action lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

The removing defendants raise only one argument as to why Jichen Qiu's being named as a defendant should not defeat diversity jurisdiction. They assert that, based on the plain language of § 1441(b), removal is proper because this defendant, though "properly joined," has not been "properly served." (Doc. No. 24-1, at 5.) This argument is without merit. The Sixth Circuit has, indeed, suggested in dicta that, "[w]here there is complete diversity of citizenship, as [the plaintiff] concedes there was, the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)." *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir.) (citations omitted), *amended on denial of reh'g*, 250 F.3d 997 (6th Cir. 2001). However, even if this court were inclined to follow *McCall*, it is not relevant here.[2]

---

[2] That is, removal ordinarily may not be effected—even if the requirements for diversity jurisdiction are otherwise met (including complete diversity and the requisite amount in controversy)—if any defendant "is a citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b)(2). Some courts have held that a first-served defendant who is not a citizen of the forum state is not barred from removing, even if one of the properly named defendants is a resident of the forum state, so long as removal is effected before the forum defendant has been "properly served." *See, e.g.*, *Linder v. Medtronic, Inc.*, No. 13-2346-STA-CGC, 2013 WL 5486770, at *2 (W.D. Tenn. Sept. 30, 2013) ("[I]n reading the plain language of section 1441(b), the Court notes that the statute says that a case 'may not be removed if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which the action is brought.' Since . . . the forum defendant . . . had not been served at the time Medtronic filed its notice of removal, 1441(b) is not a bar to removal." (quoting 28 U.S.C. § 1441(b)) (emphasis in original)). This construction of § 1441(b) to effect what is sometimes referred to as "snap" removal is controversial and has not been widely approved. *See, e.g.*, *Little v. Wyndham Worldwide Operations, Inc.*, 251 F. Supp. 3d 1215, 1221 (M.D. Tenn. 2017) (Crenshaw, C.J.) (agreeing with those cases finding removal before service of process on a forum defendant, or "snap removal," improper, as it "thwarts the purpose of the forum defendant rule").

As the court recognized in *Little*, "[a]part from *McCall*, there is a dearth of appellate authority construing the 'properly joined and served" language of § 1441(b)(2) because orders

The removing defendants have overlooked the fact that this construction of § 1441(b) only ever applies when there is no dispute as to the existence of complete diversity. *See, e.g.*, *Beritiech v. Metro. Life Ins. Co.*, 881 F. Supp. 557, 558 (S.D. Ala. 1995) (collecting cases). It has never been employed to permit the expansion of the scope of cases over which the court may exercise diversity jurisdiction. *Accord, e.g.*, *Kelly v. Drake Beam Morin, Inc.*, 695 F. Supp. 354 (E.D. Mich. 1988) ("[T]he . . . mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal.").

And "[d]iversity jurisdiction is determined by the face of the complaint, not by which defendants have been served." *Hunter Douglas Inc. v. Sheet Metal Workers Intern. Ass'n. Local 159*, 714 F.2d 342 (4th Cir. 1983). "Simply put, courts, 'in determining the propriety of removal based on diversity of citizenship, must consider all named defendants, regardless of service.'" *Howard v. Pearl Interactive Network Inc.*, No. 5:16-CV-362-REW, 2018 WL 3421824, at *3 (E.D. Ky. July 12, 2018) (quoting *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160–61 (8th Cir. 1981)). The fact that Jichen Qiu has not been served, in short, has no bearing on whether removal is proper. And his presence in the case defeats diversity jurisdiction, as the defendants have not carried their burden of showing that his citizenship is diverse from the plaintiff's.

Insofar as the removing defendants also suggest that Jichen Qiu's domicile should be disregarded because he was "joined to defeat this Court's subject matter jurisdiction" (Doc. No. 24-1, at 3), the defendants have not established fraudulent joinder. "Fraudulent joinder is 'a judicially created doctrine that provides an exception to the requirement of complete diversity.'"

---

remanding cases are, by statute, non-reviewable." In the absence of guidance, "district courts have struggled with the issue, leading to conflicting results, not only nationwide, but among the district courts in the Sixth Circuit, and even within at least one district in this circuit." *Id.* at 1220 (collecting cases).

*Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432 (6th Cir. 2012) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)). "A defendant is fraudulently joined if it is 'clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law . . . .'" *Id.* at 432–33 (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). The relevant inquiry is whether there is "a colorable basis for predicting that a plaintiff may recover against [a defendant]." *Coyne*, 183 F.3d at 493. Here, the removing defendants expressly concede that, "because Jichen Qiu was the operator of a vehicle in the collision that caused the Plaintiff's injuries, he is technically a proper Defendant." (Doc. No. 24-1, at 4.) The removing defendants make no attempt to argue that the Complaint fails to state a colorable claim against him and have not established fraudulent joinder.

Finally, the removing defendants suggest that courts can only consider "the citizenship of 'unknown' or 'unnamed' defendants when a plaintiff's complaint provides a sufficient description of the unknown defendant such that that individual could 'be identified in such a manner that his existence and identity cannot reasonably be questioned.'" (Doc. No. 24-1, at 5 (quoting *Cumbee v. Spirit Logistics Network, Inc.*, No. No. 3:23-CV-358-CHB, 2023 WL 8586696 at * 2 (W.D. Ky. 2023); *Musial v. PTC All. Corp.*, No. 5:08CV-45R, 2008 WL 2559300, at *2 (W.D. Ky. June 25, 2008)).) In that situation, according to the defendants, remand might be proper if the plaintiff is eventually "able to learn the identity and citizenship of the unknown employee(s) and if [any of those] individual[s] is domiciled in [the forum state]." (*Id.* (quoting *Cumbee*, 2023 WL 8586696 at * 3).) The court understands the defendants to be arguing that Jichen Qiu's citizenship may be disregarded under 28 U.S.C. § 1441(a), which states that, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

Based on this provision, courts disregard the citizenship of defendants identified in the complaint by names such as "Jane Doe" or "John Doe" or whose existence as a real person is not established by the complaint. *See, e.g.*, *Alexander*, 13 F.3d at 948 ("It is clear that 'Jane Doe' is a fictitious name; no such real person was ever named, and plaintiff never identified the alleged person who was 'EDS' Personnel Manager in Michigan in [sic] within the time period covered.' Section 1441(a) compels that this 'named' defendant be disregarded for purposes of diversity jurisdiction."). Jichen Qiu, however, is not a "John Doe" defendant, and his existence and role in the Accident are clearly established by the Complaint. The plaintiff alleges that he was her Uber driver whose negligence caused or contributed to the Accident and that, as of the time she filed the Complaint, he lived in Hendersonville, Tennessee. (Complaint ¶¶ 1, 11.) His is not a defendant sued under a fictitious name whose identity may be disregarded.

In sum, the defendants have not established that removal on the basis of diversity of citizenship is warranted, and remand is required. If it is ultimately established that Jichen Qiu is not domiciled in Tennessee or that he must be dismissed as a defendant for lack of service, the defendants will have 30 days "after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," if they do so within a year after the filing of the Complaint. 28 U.S.C. § 1446(b)(3), (c).

## IV. CONCLUSION

For the reasons set forth herein, the plaintiff's Motion to Remand will be granted. An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge